*Susan Beisler, ProSe*
*34 Osborne Court*
*Mahwah, NJ 07430*
*Ph (201) 874-0806*

## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

Susan Beisler

**Plaintiff,**

v.

Gomsy Media, LLC
Cinemaholic, Inc. (TheCinemaholic.com)
NYP Holdings, Inc. (Decider.com)
Future PLC (MarieClaire.com)

**Defendants**.

---

Civil Action No.

**COMPLAINT**

Jury Trial Demanded

Plaintiff, Susan Beisler, a natural person, does complain of the Defendants, Gomsy Media, LLC,

Cinemaholic, Inc, (TheCinemaholic.com) NYP Holdings, Inc.(Decider.com) and Future PLC

(MarieClaire.com) and respectfully alleges as follows:

**This is an action for defamation**.

### PRELIMINARY STATEMENT

1. In life, just as in business, reputation and integrity are amongst the most valuable things that

   we have. When someone's reputation is impugned, they could end up losing their name and

   goodwill forever. Certainly, their extant and future business prospects - one's livelihood, are

   invariably damaged, as a result.

2. In this action, the Defendants, knowingly and intentionally, spewed false and defamatory

   misinformation about the Plaintiff across their media platforms, which has, and continues to

   severely damage Plaintiff. Defendants engaged in this wrongful conduct for the purpose of

1

increasing traffic on their website and social media sites for their own personal gain in the form of paid advertisements.

3. However, thankfully the law protects against the spewers of falsified malicious and scandalous slander and defamation. As such, Plaintiff brings this suit to, inter alia, enjoin Defendants from making any further false defamatory or slanderous statements about Plaintiff, and for all damages against Defendant to recover the losses that Plaintiff has sustained, resulting from Defendant's wrongful actions.

*"The right of a man to the protection of his own reputation from unjustified invasion and wrongful hurt reflects no more than our basic concept of the essential dignity and worth of every human being—a concept at the root of any decent system of ordered liberty."*

*Rosenblatt v. Baer, 383 U.S. 75, 92, 86 S. Ct. 669, 679 (1966) (Stewart, J., concurring).*

## FULL DESCRIPTION OF PARTIES

### PLAINTIFF SUSAN BEISLER

4. Susan is an unemployed, single woman currently caring for her young daughter and elderly mother in her home in Mahwah, NJ.

5. The statements below about Susan's activities and involvement are asserted as being true at all relevant times.

6. Susan was employed by Insys Therapeutics from 2012-2017 as a pharmaceutical representative.

7. After leaving Insys Therapeutics, Susan resumed her career as a Senior Level Paralegal until 2022.

8. Susan has never been interviewed or participated in the making of the fiction film "Pain Hustlers," nor has she participated in any interviews or articles about the film "Pain Hustlers".

9. The people that know of Susan in her professional legal career are limited to her clients, and her immediate family and friends.

10. Susan is not involved with any public disputes or debates and not involved in any public controversy.

11. Susan is not a public official and is not involved with politics or social issues in any meaningful way.

12. Susan is not a celebrity of any kind and does not associate in any meaningful way with celebrities or famous individuals.

13. Susan is not a business leader or any community leader.

14. In fact, the extent of Susan's involvement in her local community is to meet up with neighbors at the bus-stop, or when participating in an elementary school activity with her daughter.

15. Susan is not a public official, is not a public figure, is not a limited public figure, is not a limited purpose public figure and is not a celebrity or a business leader as defined in case law.

## DEFENDANT #1 GOMSY MEDIA, LLC

16. Defendant#1 Gomsy Media, LLC is a North Carolina Domestic Limited-Liability Company whose products/services are defined as 'online publisher' that covers entertainment news about the latest movies and TV shows. Gomsy Media LLC is the parent company of

Defendant #2 The Cinemaholic Inc., and has a business address at 4030 Wake Forest Road, Ste 349, Raleigh, NC 27609.

### DEFENDANT #2 CINEMAHOLIC INC. d/b/a THE CINEMAHOLIC

17. Defendant #2 Cinemaholic, Inc. operates the website "TheCinemaholic.com" and has a business address of 803 Village Dr, Port Coquitlam, British Columbia, V3B 0G9, Canada

### DEFENDANT #3 NYP HOLDINGS, INC

18. Defendant #3 NYP Holdings, Inc. (New York Post) owns and operates the website 'TheDecider,com' and has a business address of 1 Metrotech Ctr N FL 10 Brooklyn, NY, 11201-3875.

### DEFENDANT #4 FUTURE PLC

19. Defendant #4 Future PLC owns the online magazine and website "MarieClaire.com", with a business address at Future US, Inc. Full 7th Floor, 130 West 42nd Street, New York, NY 10036.

20. The aforementioned hereinafter shall collectively be referred to as "The Defendants."

### JURISDICTION

21. The Parties' citizenship/residency is diverse and the amount of money in controversy is in excess of $75,000, thus conferring diversity jurisdiction over this matter.

22. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

### VENUE

23. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(2)

### NATURE OF THE ACTION

24. This case arises from the Defendant's false, defamatory, slanderous and malicious articles and assertions that the "unscrupulous" and "greedy" fictitious character "Jackie Drake",

played by Actress Catherine O'Hara in the Netflix movie "Pain Hustlers", is based on, and/or inspired by, the real life of Susan Beisler (the Plaintiff).

25. As a result of these false statements, Susan Beisler, Plaintiff, has suffered emotional distress, and her reputation has been permanently damaged.

26. Susan Beisler brings this case to force Defendants to answer for their malicious and negligent conduct.

27. Defendants have used the Plaintiff's full name in their published and/or online articles without her consent or knowledge.

28. Defendants have publicly and maliciously spread these false claims on their websites (TheCinemaholic.com;  Decider.com and MarieClaire.com)

29. And through their *sizeable* social media presence, including accounts on Instagram, Twitter Facebook, YouTube and TikTok.

30. Defendant's combined social media accounts have more than 2,469.300 followers on Instagram; 2,160,300 followers on Twitter;  3,753,000 followers on Facebook and 390,000 on TikTok; and 38,136 on YouTube .

31. Defendants use these social media websites to market their business, generate with tens of thousands of posts, comments, replies, hours of publicity and commentary, all for their own greed-driven pecuniary benefit.

32. Defendants are prolific posters, writers, with tens of thousands of posts, comments, replies, videos and hundreds of thousands of engagements with people from all over the country, including, but not limited to New Jersey.

## SUMMARY OF FACTS

33. *"Pain Hustlers"*, a fictional movie, was released in select theaters in the United States on October 20, 2023 and released on Netflix on October 27, 2023.

34. British Director, David Yates, working with screenwriter Wells Tower, came up with the idea for the fictionalized movie about corruption in the pharmaceutical world after reading Evan Hughes' story on Insys Therapeutics, Inc.

35. In an interview with **Time Magazine**, Yates and Tower discuss the film, and the script "undertaking a big dramatic license". **Yates explains "For example, none of the characters on screen are representations of the Insys Therapeutics employees. This isn't the Insys story in detail at all".** (https://time.com/6312890/pain-hustlers-true-story/)

36. On October 27, 2023, Elle magazine published an article on Elle.com *"The Outrageous True Story Behind Pain Hustler on Netflix - Important Details Were Changed."*

37. **Elle** also interviewed Yates on his film Pain Hustlers. Yates states, "The fictional characters created opportunities for dramatization" "the fictional character Liza Drake's existence also created a new character played by comedian Catherine O'Hara, **her mother Jackie**, who eventually becomes a sales rep, too."

38. Elle ends the article with **"Yates has made clear that this isn't the Insys story in detail at all. He explained, it's inspired by the fringes of that industry and how they exploit one very marginal sector of the healthcare industry and make a fortune out of it."** (https://www.elle.com/culture/movies-tv/a45643456/netflix-pain-hustlers-true-story-explained/)

39. In the **Oscars Newsletter** written in October 2023, Yates is quoted saying "the work (on the film set) is enjoyable too because Andy Garcia and Catherine (O'Hara), they would start improvising. I love improvision. I encourage improvision. I think it shakes everything up,

turns things on its head and even after the improvised session you then go back to what is on

the page, it loosens up all the muscle groups and allows people to be truly inventive!"

40. On November 1, 2023, **Esquire Magazine** ran an article entitled "*Pain Hustlers Ending

Explained: What Happened?*" the article reads "They (the feds) catch Neel due a **fictional

account** of the Billionaire sleeping with Jackie Drake".

(**https://www.esquire.com/entertainment/movies/a45709443/pain-hustlers-ending-explained/**)

## DEFAMATION

41. Despite the filmmakers making it clear the movie Pain Hustlers and its fictitious characters

are not the story of Insys Therapeutics, the Defendants have posted false and defamatory

statements against the Plaintiff on their various websites.

42. On October 27, 2023, Defendants Gomsy Media, LLC and Cinemaholic, Inc. d/b/a The

Cinemaholic.com published an article on their website "The Cinemaholic.com" with the

Headline/Title "*Jackie Drake is Inspired by a Rep who Left a Paper Trail of Evidence*".

43. The Cinemaholic.com article states "Jackie Drake is inspired by a real person but receives a

complete rewrite of the background and other character details. **While it has not been

confirmed by the filmmakers, Jackie is most likely based on Susan Beisler**, a New

Jersey-based pharma rep for Insys, who was allegedly in direct contact with John Kapoor, the

head of Insys."

44. "It is unconfirmed *whether* Beisler and Kapoor had **more than a professional** relationship,

but **it is suspected** that they did, considering that one mail had her writing "many hugs and

kisses." (Plaintiff Exhibit A) .

45. Also, on October 27, 2023, Defendants Gomsy Media, LLC and Cinemaholic, Inc. d/b/a The

Cinemaholic published another article on their website "The Cinemaholic.com" with the

headline "*Pain Hustlers: Where Are They Now*?" the article states:

46.  "Jackie Drake: (Susan Beisler) is Leading a Quiet Life Now"

47.  "<u>Jackie Drake</u> largely remains a fictional character, equipped with fictionalized plot lines and backstories created in service of the story within 'Pain Hustlers.' Still, we can draw some similarities between Catherine O'Hara's character and Susan Beisler, a sales representative from New Jersey who worked at Insys." **(Plaintiff's Exhibit B)**

48.  Gomsy Media, LLC, Cinemaholic, Inc, (TheCinemaholic.com) suggests the Plaintiff Susan Beisler had a romantic relationship with John Kapoor of Insys, declares similarities between the fictional character played by Catherine O'Hara and Susan Beisler, and uses Susan Beisler's name in the headline in parenthesis to falsely insinuate the fictional Jackie Drake and Susan Beisler are one in the same person.

49.  On October 27, 2023, Defendant #3 NYP Holdings, Inc. posted an article on their website TheDecider.com entitled: "*Pain Hustlers' True Story: How Insys Therapeutics Inspired the Chris Evans Netflix Movie*" which publishes the following defamatory statements:

50.  "Liza's mother, played by Catherine O'Hara, appears to be inspired by a real-life New Jersey sales rep named Susan Beisler, whose overly friendly emails to the founder Kapoor about the **bribes** given to doctors for speaker programs were a key part of one of the pending lawsuits against him*."* **(Plaintiff's Exhibit C)**

51.  Defendant #3 NYP Holdings, Inc. did not have permission to use Plaintiff Susan Beisler's name in this article, nor did Plaintiff Susan Beisler ever discuss "bribes" with John Kapoor of Insys. This Statement is false, and Plaintiff is now perceived as being one of the law breakers that worked at Insus.

52. Defendant #3 NYP Holdings, Inc invaded the Plaintiff's privacy, defamed her character by alleging Susan Beisler is the basis of the tasteless fictional character Jackie Drake, and also - Plaintiff of committing crimes by using the term "bribes".

53. On October 30, 2023, Defendant #4 Future PLC via their website MarieClaire.com posted an article "The True Story That Inspired 'Pain Hustlers,' Explained" which reads:

54. "In another wild detail, Liza Drake's mother, played by Catherine O'Hara, also appears to be based on a real-life member of the company. A former New Jersey sales rep for Insys named Susan Beisler. $\left( E X H I B I T \quad D \right)$

55. All the above Defendants make false claim that fictional "Jackie Drake" in the Netflix movie "Pain Hustlers" is based on, or inspired by, Susan Beisler's real life, causing Susan irreparable harm to her reputation and tarnishing her good character.

56. Plaintiff had no knowledge of these publications until October 17, 2024, when a prospective employer suggested this could be the reason for her unsuccessfully finding a job in the last year, Defendant's defamation has prevented the Plaintiff from obtaining a job.

57. The defamatory postings appear in the top 20 searches of the Plaintiff's name on Google, and has caused enormous damage to Susan Beisler, since Google is the number one search engine on the Internet.

58. At no time was Susan Beisler contacted by any of the Defendants for permission to use her name in their articles.

59. At no time was Susan Beisler contacted by any of the Defendants to verify the accuracy of information in these articles prior to publishing/posting them.

60. The fictional character Jackie Drake has several unappealing qualities such as greed, being "wacky", "steely" has "financial troubles", she is "trampy", even "sleeping with the boss", she "gets fired", and she's also in her 60's.

61. The Plaintiff Susan Beisler shares zero similarities with the fictional character Jackie Drake

62. Susan Beisler worked at Insys Therapeutics in her 30's, had no financial troubles,

63. Susan has never been called greedy or driven by money, as she has always been generous in nature.

64. Susan was never in the "Prsident's Club" or considered a "top sales rep" at Insys

65. Susan did not get fired from Insy and was not charged with any crimes relating to the Insys scandal, (on the contrary she had federal immunity in the case),

66. Defendant's have defamed, slandered and maliciously invaded the privacy of the Plaintiff, Susan Beisler.

67. Defendant's public statements that Jackie Drake is based on Susan Beisler's life is not only defamatory, it is insulting, humiliating, and has irreparably damaged Susan's career and reputation, causing her severe emotional stress.

## DAMAGES

### Impenetrable Google positions of Defendant's postings

68. The average cost per keyword promotion on Google by professional search engine optimizing professionals is about $1,000 per month per keyword promotion.

69. For example, "Cinemaholic" is one keyword. That would cost $12,000 per year, with no guarantee to push Cinemaholic to page one of Google.

70. There are at least 15-20 combinations of keywords that Plaintiffs might have to pay for in order to attempt, with no guarantee of success, to push these slanderous articles down to page 7 or 8 and not be so visible on the first 5-7 pages of the main internet search engine.

71. Twenty keywords for ten years costs roughly $2.4 million dollars

72. One negative posting from this website undermines a hundred positive reviews.

73. One negative review containing defamation and falsehoods that show plaintiffs in a false light, shows plaintiffs to be incompetent in their profession, completely destroys a business and reputation that took Plaintiff over a quarter of a century (25 years) to build with long-term and life-altering consequences.

## Injury to reputation

74. Internet Searches are standard practice for potential clients and employers.

75. Susan Beisler's reputation is damaged in a **life-long sentence** beyond her means to repair.

76. In addition, because the Defendant's never remove anything, this is a devastating life-sentence of public flogging, humiliation and misrepresentation as to  the nature of Susan's character, honor, intentions, and creative professional talents and services.

77. The lost wages for year after defamation, from 2023-2024 and projecting the first half of 2025 through the entire year, gives average wage earnings of $78,835.

78. Therefore, the loss from the second half of 2024 is $39,417.50, and for the first half of 2025 is $24,748.50.

79. Total lost wages to date are $64,166.

80. The losses are ongoing.

Prospective damages

81. $1,000 per month for freelance work,

82. $9,000 per month to SEO expert Immortal Internet Marketing who charges $1,000 per month for each of plaintiff's nine keyword combinations to push these articles down, with no guarantees.

83. Total monthly: $10,000

84. $100,000 - $150,000 in legal fees to compel Defendant's to fully remove the articles.

   **Total: $160,000**

Legal fees

85. 33% of first $100,000, then 25% on additional amounts, plus court and other related filing expenses, or such fees as the court will award.

Emotional damages & Personal injury

86. Susan Beisler has suffered sleepless nights, increased anxiety and panic, especially when attending job interviews.

87. Total damages: $224,166 plus monthly, ongoing, and future damages.

## FIRST CAUSE OF ACTION:

### LIBEL

88. Plaintiff re-alleges the above allegations.

89. Defendants published their statements about Susan Beisler on their websites

   (TheCinemaholic.com, Marie Claire.com and TheDfference.com) and subsequently on social media.

90. Said statements were false.

91. Defendants knew or should have known of their falsehood, as the Pain Hustlers was pure fiction.

92. Defendants acted with malice and/or willful and wanton disregard as to the truth of the statements.

93. Said statements were defamatory.

94. The defamation caused special damages, including those complained of above.

95. Defendants are also liable for general damages.

## SECOND CAUSE OF ACTION:

## LIBEL *PER SE*

96. Plaintiff re-alleges the above allegations.

97. Defendants published their statements about Susan Beisler on TheCinemaholic.com, Marie Claire.com and TheDfference.com, and subsequently on social media.

98. Said statements were false.

99. Defendants knew or should have known of their falsehood.

100.    Defendants acted with malice and/or willful and wanton disregard as to the truth of the statements.

101.    The statements were defamatory upon their face

102.    Susan Beisler was injured in her business reputation and character.

103.    Susan Beisler was injured in her personal reputation and character.

102.    The defamation caused special damages, including those complained of above.

103.    Defendant is also liable for general damages.

## THIRD CAUSE OF ACTION:

### LIBEL *INNUENDO*

102. Plaintiff re-alleges the above allegations.

103. Defendants published their statements about Susan Beisler on TheCinemaholic.com, Marie Claire.com and Difference.com, and subsequently on social media.

104. The statements were libel innuendo because the defamatory impact worsened when readers referred to other sources for extrinsic information.

106. The statements direct readers' attention to (1) Various other media, (2) Susan's previous employer, (3) the rebuttals to same, and (4) social media sites

107. Defendants knew or should have known of their falsehood because the movie Pain Hustlers was not a documentary.

108. Defendants acted with malice and/or willful and wanton disregard as to the truth of the statements.

109. The defamation caused special damages, including those complained of above.

110. Defendants are also liable for general damages.

## FOURTH CAUSE OF ACTION:

### INJURIOUS FALSEHOOD

111. Plaintiff re-alleges the above allegations.

112. Defendants published the untrue statements, particularly that the fictitious character Jackie Drake was based on, or inspired by, Susan Beisler's real life.

113. The publications were made on websites that are widely viewed by all potential clients and all future employers of Susan for any of her professional skills.

114. Defendants knew that the movie Pain Hustlers was not a documentary.

115. Defendant made the statements with malice, comprising ill will.

116. Defendant made the statements with malice, comprising scienter.

117. Defendant made the statements with malice, comprising deliberate falsification.

118. Defendant acted with malice and/or willful and wanton disregard as to the truth of the statements.

119. The statements were intended to induce others to refrain from dealing with or ever employing plaintiff or otherwise depriving plaintiff of prospective economic advantage, or the ability to earn a living.

120. In particular, Defendants titled their articles "The Real Pain Hustlers"

121. Defendant concluded with words to induce others to refrain from dealings with her: such as "bribes" "scandal" "whereabouts unknown"

122. The statements did, in fact, induce others to refrain from dealing with plaintiff or otherwise depriving plaintiff of prospective economic advantage.

123. The defamation caused special damages, including those complained of above.

124. Defendants are also liable for general damages.


### FIFTH CAUSE OF ACTION:

### DEFAMATORY INJURY TO REPUTATION

125. Plaintiff re-alleges the above allegations.

126. Defendants acted with malice and/or willful and wanton disregard as to the truth of the statements.

127. Defendant's statements caused an injury to the reputation and character of Plaintiff.

128. Defendants are liable to plaintiff for the damages stated, which are the direct, natural, proximate results of same.

129. The defamation caused special damages, including those complained of above.

130. Defendants are also liable for general damages.

## SIXTH CAUSE OF ACTION:

## FALSE LIGHT

131. Plaintiff re-alleges the above allegations.

132. Defendants published false statements about the Plaintiff.

133. Defendants published false statements about her personal relationships, professional conduct and/or services.

134. Defendants knew their statements were false.

135. Defendant acted with malice and/or willful and wanton disregard as to the truth of the statements.

136. Defendants, by claiming Plaintiff exchanged emails discussing "bribes' with her former employer placed her in a false light.

137. The defamation caused special damages, including those complained of above.

138. Defendant is also liable for general damages.

## PRAYER FOR RELIEF

HEREFORE, Plaintiff prays for the following relief:

i. Judgment against Defendants in the amount of $224,166, plus future damages, plus

injury to reputation and emotional damages, for a total of $10,000,000 (Ten Million Dollars);

ii. Punitive damages;

iii. Treble damages;

iv. An order requiring Defendants to retract past defamation;

v. Injunctive relief prohibiting Defendants from further defamation;

vi. And such other relief as the court shall find just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38 (b), Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

**I declare under the penalty of perjury that the foregoing is true and correct.**

**Signed this 24th day of October 2024**

Susan Beisler, Plaintiff
34 Osborne Court, Mahwah, NJ 07430
Ph (201) 874-0806
Email iParalegal@outlook.com